## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Irwin Union Bank and Trust Company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:12-cv-01482-TWP-DML<br>) |
| J.P. MORGAN ACCEPTANCE CORPORATION I, J.P. MORGAN SECURITIES LLC, and JPMORGAN SECURITIES HOLDINGS LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### ENTRY ON PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff's, the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Irwin Union Bank and Trust Company ("Irwin"), Motion to Remand. Plaintiff brought this action for damages in the Bartholomew Circuit Court and Defendants removed the action pursuant to 28 U.S.C. §§ 1331 and 1441(a) and 28 U.S.C. § 1452(a). For the reasons set forth below, the Court **GRANTS** the FDIC's motion (Dkt. 24).

### I.  BACKGROUND

Irwin purchased three residential mortgage-backed securities ("RMBS"), offered and sold by J.P. Morgan Acceptance Corporation I, J.P. Morgan Securities LLC, and JPMorgan Securities Holdings LLC (collectively, "Defendants").  The first were purchased on June 29, 2006, for $10,694,000.00 and the second and third were purchased on February 28, 2007, for $4,353,000.00.  Three years after Irwin purchased the first certificate and more than two years after purchasing the second and third certificates, Irwin's investment was downgraded below investment grade by credit rating institutions such as Moody's and Standard & Poor's. Irwin

ultimately failed as a financial institution and on September 18, 2009, the FDIC was appointed receiver. On September 14, 2012, the FDIC filed the present Complaint against the Defendants in the Circuit Court of Bartholomew County, Indiana. Essentially, the FDIC alleges the Defendants misrepresented material facts regarding the RMBS, including the credit quality of the mortgage loans that backed it, prior to the sale to Irwin, and that the FDIC discovered those facts during its investigation in September 2012. The Complaint pleads claims alleging the Defendants violated the Indiana Uniform Securities Act, Ind. Code § 23-19-1-1 *et seq.*, and the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (the "1933 Act").

On October 12, 2012, Defendants removed the action to federal court on two grounds. First, Defendants assert the FDIC's presence as a party created federal question jurisdiction. Second, Defendants assert this action is "related to" pending bankruptcy proceedings of American Home Mortgage ("AHM"), the entity that originated some of the mortgage loans underlying the securities at issue, therefore the federal court has related-to-bankruptcy jurisdiction under 28 U.S.C. § 1334. The FDIC moved to remand on November 13, 2012.

## II. LEGAL STANDARD

By the amendatory language of 28 U.S.C. § 1441(a) removal jurisdiction exists in any case of which the federal district court has original jurisdiction except as otherwise expressly provided by Act of Congress. "Federal courts should interpret the removal statute narrowly and resolve any doubts in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Jurisdictional allegations must be supported by "competent proof," which means that there must be a showing by "a preponderance of the evidence or 'proof to a reasonable

probability that jurisdiction exists.'" *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (quoting *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)).

## III.   DISCUSSION

In this matter, the FDIC's Complaint pleads claims under Sections 11, 12, and 15 of the 1933 Act. Section 22(a) of the 1933 Act, expressly prohibits the removal of any case that pleads a claim under the 1933 Act, specifically: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a). Thus, it appears the federal court would have original jurisdiction over this federal statutory claim under 28 U.S.C. § 1331. However, In Defendants' motion, they contend the removal bar is inapplicable because: (1) the FDIC is a party to the litigation, and (2) the 1933 Act claims are time-barred.  Defendants also contend this Court has subject matter jurisdiction because the claims in the case are "related to" a bankruptcy proceeding. With minor exceptions, this Court now adopts the well-reasoned decision entered in *F.D.I.C. v. J.P. Morgan Acceptance Corp.*, 2013 WL 3820542 (S.D. Ind. July 23, 2013).[1]

**A.   The FDIC**

Defendants' first argument is premised on the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), codified in Title 12 of the United States Code.  As a general proposition, FIRREA provides that, in any civil action to which the FDIC is a party, the action "shall be deemed to arise under the laws of the United States."   12 U.S.C. §

---

[1] A similar matter involving the same parties was recently decided by Chief Judge Richard L. Young. *See F.D.I.C. v. J.P. Morgan Acceptance Corp.*, No. 1:12-cv-01481-RLY-DML, 2013 WL 3820542 (S.D. Ind. July 23, 2013). The facts and applicable law in both matters are so similar that this Court adopts, for the most part, the reasoning and analysis of Judge Young's decision. The Court begs the parties pardon (and that of Judge Young) as it cribs the majority of its entry from Judge Young's decision.

3

1819(b)(2)(A).  Such an action may be removed by any party, so long as removal of the action otherwise complies with the general removal statute, 28 U.S.C. § 1441(a).

As noted above, Section 1441(a) allows a party to remove an action over which it has federal question jurisdiction (or diversity jurisdiction, as the case may be), but only if there is no "Act of Congress" that prohibits removal.  *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . .").  Here, the Act of Congress that prohibits removal is the 1933 Act.  Accordingly, contrary to Defendants' argument, the mere fact the FDIC is a party to this litigation does not trump the general removal statute.

**B.    1933 Act Claims**

Next, Defendants contend the 1933 Act's removal bar is inapplicable because the 1933 Act claims are time-barred by the three-year statute of repose found in Section 13 of the 1933 Act, 15 U.S.C. § 77m (" . . . In no event shall any such action be brought . . . more than three years after the sale.").  The statute of repose begins to run from the date the securities were "bona fide offered to the public" (for Section 11 claims), or sold to plaintiffs (for Section 12(a)(2) claims).  *Id*.  Here, Irwin purchased the securities at issue on June 29, 2006 and February 28, 2007, and the FDIC did not file this action until September 14, 2012.  Significantly, and as addressed by the FDIC, FIRREA contains its own statute of limitations which, in certain circumstances, extends the time to file suit by the FDIC as receiver of a failed bank (including 1933 Act claims) by three years from the date on which the FDIC was appointed receiver or the date on which the claim accrued, whichever is later. 12 U.S.C. § 1821(d)(14)(A)(ii)-(B).  In pertinent part, the extender statute provides:

(14) Statute of limitations for actions brought by conservator or receiver

(A) In general

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be –

(i) in the case of any contract claim, the longer of –

(I) the 6-year period beginning on the date the claim accrues; or
(II) the period applicable under State law; and

(ii) in the case of any tort claim . . . , the longer of –

(I) the 3-year period beginning on the date the claim accrues; or
(II) the period applicable under State law.

12 U.S.C. §§ 1821(d)(14)(A)(ii)-(B). The parties agree the FDIC was appointed receiver of Irwin on September 18, 2009, a date within the three-year statute of repose. The FDIC filed this action less than three years later.

Defendants challenge the FDIC's use of the extender provision as a means to assert a timely claim on two grounds. First, they argue the extender provision, which is entitled "Statute of limitations for actions brought by conservator or receiver," only applies to statutes of limitation, and not to statutes of repose.[2] Second, they argue the extender provision applies only to state law contract and tort claims, not federal statutory claims.

In analyzing these arguments, the Court begins with the language of the federal extender statute; if that language is plain and unambiguous, the court enforces it according to its terms. *United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) (internal quotations and citations

---

[2] A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated, and is procedural, barring only the remedy. A statute of repose is designed to bar actions after a specified period of time has run from the occurrence of some event other than the injury which gave rise to the claim, and is substantive, extinguishing the right to bring a cause of action. *Hinkle by Hinkle v. Henderson*, 85 F.3d 298, 301 (7th Cir. 1996); *Kissel v. Rosebaum*, 579 N.E.2d 1322, 1326 (Ind. Ct. App. 1991).

omitted). The plain meaning of a statute is conclusive unless a literal interpretation of the statute "will produce a result demonstrably at odds with the intentions of its drafters." *Id.* (internal quotations and citations omitted). The Court is therefore guided "not just by a single sentence or sentence fragment, but by the language of the whole law, and its object and policy." *Id.* (citing *Grammatico v. United States*, 109 F.3d 1198, 1204 (7th Cir. 1997)).

### 1. Statute of Repose

In support of Defendants' first argument, Defendants cite a Fourth Circuit decision which held that the tolling principle of fraudulent concealment does not equitably toll the statute of repose in Section 13 of the 1933 Act because to "ignore the plain meaning of the language that says 'in no event' may an action be filed more than three years after the sale [would] defeat the very purpose of a statute of repose." *See Caviness v. Derand Residential Corp.*, 983 F.2d 1295, 1301 (4th Cir. 1993). The Court fails to understand the relevance of *Caviness* to this case, as the extender provision that Congress enacted for the benefit of the FDIC is not a form of tolling.

Although there are no appellate decisions directly on point, two recent district court decisions analyzing an extender provision in the Housing and Economic Recovery Act ("HERA"), which applies to actions by the Federal Housing Finance Agency ("FHFA"), rejected Defendants' argument. These cases are persuasive because the language used in the extender provision in HERA is almost identical to the language used in the extender provision in FIRREA, and both HERA and FIRREA were enacted during a period of crisis. HERA was passed by Congress in 2008 in response to the housing market crisis, and FIRREA was passed by Congress in 1989 in response to a national banking crisis. *Federal Hous. Finance Agency v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 316 (S.D.N.Y. 2012) (HERA); *RTC Commercial Assets Trust 1995-NPR-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 456 (7th Cir. 1999) (FIRREA).

In *Fed. Hous. Finance Agency v. UBS Ams., Inc.*, the district court observed that both Congress and the courts use the term "statute of limitations" and "statute of repose" interchangeably. 858 F. Supp. 2d 306, 315 (S.D.N.Y. 2012). The court found that "[r]eading HERA's reference to 'statute of limitations' in the narrow fashion that defendants propose would undermine the congressional purpose of a statute whose overriding objective was to maximize the ability of FHFA to 'put the government sponsored enterprises in a sound and solvent condition.'" *Id*. at 316 (quoting 12 U.S.C. § 4617(b)(2)(D)). The court therefore concluded that "Congress intended to prescribe comprehensive time limitations for 'any action' that the Agency might bring as conservator, including claims to which a statute of repose generally attaches." *Id*. at 317. Similarly, in *In re Countrywide Finance Corp. Mortgage-Backed Security Litig.*, the district court held that "HERA does not exclude periods of repose" because, based on its analysis of Congressional statutes and case law between the years 1986 to 2008, "Congress itself and respected federal judges across the country used the word 'limitation' to refer to both statutes of limitation and repose." 900 F. Supp. 2d 1055, 1066 (C.D. Cal. 2012). The court further found that interpreting HERA to extend periods of repose was consistent with its statutory purpose—that being, to give the "FHFA 'more time to decide whether and how to pursue any claims it inherited as Fannie-Mae's newly-appointed conservator,' in order to 'put the regulated entit[ies] in a sound and solvent condition.'" *Id*. at 1067 (quoting *UBS Ams.*, 858 F. Supp. 2d at 316).

The analysis of HERA by those courts applies with equal force to FIRREA. Congress designed the statute "'to give the FDIC power to take all actions necessary to resolve the problems posed by a financial institution in default.'" *FDIC v. Wright*, 942 F.2d 1089, 1096 (7th Cir. 1991) (quoting H.R. Rep. No. 54(I), 101st Cong., 1st Sess. 330, *reprinted in*, 1989 U.S. Code Cong. & Admin. News 126). Congress intended for the extender provision of FIRREA to

7

"'be construed to maximize potential recoveries . . . by preserving to the greatest extent permissible by law claims that would otherwise have been lost due to the expiration of hitherto applicable limitations periods.'" *UMLIC-Nine Corp. v Lipan Springs Dev. Corp.*, 168 F.3d 1173, 1178 (10th Cir. 1999) (quoting 135 Cong. Rec. S10205 (daily ed. Aug. 4, 1989) (statement of Sen. Riegle)). *See also Inv. Co. of the Sw. v. Reese*, 875 P.2d 1086, 1093 (N.M. 1994) (extender provision of FIRREA "was expressly constructed to give the FDIC the power to maximize potential recoveries by offering the agency a longer period in which to act"). Defendants' interpretation of FIRREA's extender provision as including only statutes of limitation and not statutes of repose would undermine the express Congressional intent that the extender provision be construed to permit the FDIC sufficient time to file suit once it is appointed receiver of a failed bank like Irwin. *See Balint*, 201 F.3d at 933-34 (rejecting a literal interpretation of a statute when such an interpretation is at odds with the intent of the statute). The Court therefore finds that FIRREA's extender provision includes both statutes of limitation and statutes of repose.

### 2. Federal Statutory Claims

Defendants' second argument—that the extender provision is limited to state law contract and tort claims—is similarly misplaced. The extender provision specifically applies to "any action" brought by the FDIC as receiver. By extension, "any action" would include federal statutory claims. The Court's interpretation is again supported by the district court decisions discussed above. *See In re Countrywide Financial Corp. Mortgage-Backed Secs. Litig.*, 900 F. Supp. 2d at 1067 ("There is no uncertainty in the phrase 'any action brought by the Agency' and there is no indication from the referenced language that the statute is limited by its specific

enumeration of state law."); *UBS Americas*, 858 F. Supp. 2d at 317 (same). The Court therefore finds the FDIC's 1933 Act claims are timely.

C.   **"Related To" Bankruptcy Jurisdiction**

Lastly, Defendants maintain the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b), which provides federal district courts with jurisdiction over any claim that is "related to" a bankruptcy proceeding. Removal of such claims is permissible under 28 U.S.C. § 1452(a). Here, Defendants assert that AHM, a Chapter 11 debtor that is now in liquidation under a plan confirmed on February 23, 2009, originated some of the mortgage loans underlying the securitization involved in this transaction. Defendants assert that, if a judgment is entered against them, they will have claims for indemnification or contribution from AHM under a mortgage loan purchase agreement, and that those potential claims make this action "related to" the bankruptcy of AHM. AHM's bankruptcy was filed in the District of Delaware.

Defendants' assertion of jurisdiction is problematic, in that the bar date for filing a claim against the AHM estate was January 11, 2008. On February 23, 2009, the bankruptcy court confirmed a plan of reorganization, which became effective on November 30, 2010. To date, Defendants have not filed a proof of claim in the AHM bankruptcy. They argue, nevertheless, that their failure to file a proof of claim is not an impediment to jurisdiction, because a bankruptcy court may, in its discretion, permit a creditor to file a proof of claim "at any time."

Bankruptcy Rule 9006(b) does allow for an enlargement of time to file a proof of claim, but only if it finds the late filing is the result of excusable neglect. *See In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004). In making this determination, the bankruptcy court "must evaluate '[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the

reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Court finds it highly speculative and unlikely that the bankruptcy court would find excusable neglect under the circumstances of this case. Indeed, were Defendants to file a proof of claim today, it would be over five years late. Accordingly, the Court finds it does not have jurisdiction over this case pursuant to 28 U.S.C. § 1334(b).

Further, even if the Defendants' showing was sufficient to establish "related to" jurisdiction, the Court finds that remand would nonetheless be appropriate pursuant to 28 U.S.C. § 1452(b), which provides that a case that was removed pursuant to 28 U.S.C. § 1334 may be remanded "on any equitable ground." The equities in this case favor remand to the FDIC's chosen forum, rather than exercising federal jurisdiction based upon the slim possibility that a bankruptcy court may grant Defendants an extension of time to file a proof of claim in a bankruptcy case pending in Delaware.

### III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** the FDIC's Motion to Remand (Dkt. 24). The Clerk is ordered to **REMAND** this case to the Bartholomew Circuit Court. The parties shall bear their own costs. As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Bartholomew Circuit Court.

**SO ORDERED**.

Date: 08/16/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel E. Pulliam
FAEGRE BAKER DANIELS LLP - Indianapolis
daniel.pulliam@faegrebd.com

David K. Herzog
FAEGRE BAKER DANIELS LLP - Indianapolis
david.herzog@faegrebd.com

Paul A. Wolfla
FAEGRE BAKER DANIELS LLP - Indianapolis
paul.wolfla@faegrebd.com

David J. Grais
GRAIS & ELLSWORTH LLP
dgrais@graisellsworth.com

Maria Heifetz
GRAIS & ELLSWORTH LLP
mheifetz@graisellsworth.com

Mark B. Holton
GRAIS & ELLSWORTH LLP
mholton@graisellsworth.com

Elizabeth Chitty Green
RILEY BENNETT & EGLOFF LLP
egreen@rbelaw.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Alex J. Kaplan
SIDLEY AUSTIN, LLP
ajkaplan@sidley.com

Andrew W. Stern
SIDLEY AUSTIN, LLP
astern@sidley.com

James O. Heyworth
SIDLEY AUSTIN, LLP
jheyworth@sidley.com

Sharon L. Nelles
SULLIVAN & CROMWELL
nelless@sullcrom.com

Darrell S. Cafasso
SULLIVAN & CROMWELL LLP
cafassod@sullcrom.com